IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA LYNNE PHILLIPS,            )
                                  )
      Plaintiff,              )
                                  )
v.                                )    Case No. 11-1332-CM
                                  )
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
      Defendant.              )
_____)

## MEMORANDUM AND ORDER

Plaintiff filed this action pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, requesting the court to review the decision of the Administrative Law Judge ("ALJ") dated May 7, 2010, finding that plaintiff was not entitled to disability benefits. Plaintiff contends that the ALJ's decision is not supported by substantial evidence in the record. The court makes the following findings.

**I.     Procedural Background**

Plaintiff originally filed an application with the Social Security Administration for disability benefits on January 2, 2009, alleging disability beginning on November 13, 2008. After plaintiff's application and request for reconsideration were denied, plaintiff requested, and was granted, an administrative hearing. The ALJ, William Rima, issued his opinion on May 7, 2010, denying plaintiff's application. Plaintiff requested review on appeal; and on August 31, 2011, the Appeals Council denied plaintiff's request. Therefore, the decision of the Appeals Council serves as the final decision of the Commissioner. Plaintiff's request for this court's review is proper and timely.

## II. Legal Standard

This court reviews "'the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). The court "'may not reweigh the evidence or substitute its judgment for that of the agency.'" *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (quoting *Kelly v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). Further, this court must examine the entire record, which includes any evidence that may detract "from the weight of the Commissioner's decision," and must "'determine if the substantiality of the evidence test has been met.'" *Jarmillo v. Massanari*, 21 F. App'x 792, 795 (10th Cir. 2001) (quoting *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

It is plaintiff's burden to prove "a disability within the meaning of the Social Security Act." *Hunter*, 321 F. App'x at 792 (quotation omitted). A disability "'requires both an inability to engage in any substantial gainful activity' and 'a physical or mental impairment, which provides reason for the inability.'" *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

It is the responsibility of the ALJ to thoroughly conduct a five-step sequential process when

reviewing claims for disability under the Social Security Act. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citing *Bowen v. Yuckert*, 482 U.S. 137 (1987)). If a determination is made at any of the steps regarding plaintiff's disability status, then further evaluation under subsequent steps is not necessary. *Id*.

At step one, plaintiff must demonstrate that she is not engaged in substantial gainful employment activity. *Id*. If plaintiff makes a showing at step one that she is not substantially gainfully employed, then the ALJ moves to step two, which requires plaintiff to demonstrate that she has a "medically severe impairment or combination of impairments" that severely limit her ability to do work. *Id*. (quotation omitted). The ALJ can make a nondisability determination if there is no more than a minimal effect on plaintiff's ability to do work as a result of his impairments. However, if there is a sufficient showing that plaintiff's impairments are more than minimal, the ALJ moves to step three of the evaluation. At step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id*. If the impairment(s) can be found on the list, then the ALJ makes a disability finding; if an impairment is not listed, the ALJ moves to step four of the evaluation. *Id*.

Prior to step four, the ALJ assess plaintiff's RFC. *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). At step four, it is plaintiff's burden to show that she cannot perform her past work. *Williams*, 844 F.2d at 750. The burden shifts to the ALJ at step five, where the ALJ must show that plaintiff can perform some work which exists in large numbers in the national economy. *Id*.

**III.    Analysis**

**A.     The Administrative Decision**

The ALJ conducted a hearing where he asked questions of plaintiff.  The ALJ then issued his decision, determining that plaintiff had not engaged in any substantial gainful activity since the alleged onset disability date of November 13, 2008.  (R. at 12.)  Based on evidence in the record, the ALJ found that plaintiff suffers from the following severe impairments, which have more than a minimal effect on plaintiff's ability to perform work but do not meet or medically equal one of the listed impairments either singly or in combination:

> [D]egenerative joint disease of the bilateral knees; morbid obesity; diabetes mellitus with peripheral neuropathy; sleep apnea; gastroesophageal reflux disease; and hypertension (20 CFR 404.1520(c) and 416.920(c)).

*Id.*  The ALJ determined that plaintiff's bilateral carpal tunnel syndrome was not a severe impairment.  *Id*.  Finally, the ALJ found plaintiff's history of shortness of breath was not a medically determinable impairment.  *Id*.

In determining plaintiff's RFC, the ALJ determined that plaintiff has the RFC:

> to perform the full range of sedentary work as defined in 20 CFR 404.1567(b) and 416.967 in that the [plaintiff] can lift [ten] pounds occasionally and frequently; stand and/or walk for [two] hours out of an [eight] hour work day with normal breaks; and push and pull the same weights.

(*Id*. at 15.)  Based on the evidence in the record and testimony at the hearing, the ALJ found that although plaintiff cannot return to her past relevant work, she is able to perform work that exists in significant numbers in the national economy.   Therefore, plaintiff did not meet the requirements of disability under the Social Security Act at any time from November 13, 2008 through the date of the ALJ's decision.  (*Id*. at 18.)

**B.     Plaintiff's Claims**

Plaintiff argues that the ALJ erred by: (1) failing to support his decision with substantial

evidence when he did not find plaintiff's obesity disabling prior to denying disability for plaintiff's inability to lose weight; and (2) failing to substantiate his RFC assessment with evidence, basing it in part on the medical opinion of a physician who failed to consider plaintiff's obesity and made conclusory statements regarding plaintiff's ability to perform sedentary work.

      1.      <u>Error in Not Finding Plaintiff's Obesity Disabling Prior to Denying Benefits When Plaintiff Did Not Lose Weight</u>

Plaintiff argues that the ALJ found morbid obesity as a severe impairment in combination with other severe impairments. But, she contends the ALJ determined that plaintiff was not taking affirmative steps to control her obesity, and found her to be not disabled. However, pursuant to Social Security Ruling ("SSR") 02-01p, before a finding can be made regarding disability due to noncompliance with a prescribed obesity treatment program, plaintiff had to have been found to be disabled first. She further argues that the ALJ failed to cite to a physician who prescribed weight loss as treatment for plaintiff's obesity and that this prescribed program would restore her ability to perform work.

This court's duty is not to usurp the role of the ALJ, even if the court disagrees with the decision, but rather to determine whether substantial evidence supports the ALJ's findings. *Kelly*, F.3d at 337. A physical or mental impairment must be established by medical evidence "consisting of signs, symptoms, and laboratory findings, not only by [plaintiff's] statements." 20 C.F.R. §§ 404.1508, 1509. It also must have lasted or be expected to last for a "continuous period of at least 12 months." *Id*.

Unless an impairment significantly limits a person's ability to walk, stand, sit, carry, comprehend simple instructions, respond to work conditions, and deal with changes in a routine

work environment, the impairment is not severe. *Bronson v. Astrue*, 530 F. Supp. 2d 1172, 1177–76 (D. Kan. 2008) (citing 20 C.F.R. §§ 404.1521, 416.921). Plaintiff need only make a "de minimus showing," demonstrating that the impairment "would have more than a minimal effect on his ability to do basic work activities." *Id*. (citations and quotations omitted). Plaintiff, however, must demonstrate that there is more to the impairment than a "mere presence of a condition or ailment." If plaintiff's impairment does not have a serious impact on her abilities to do basic work activities, it will not be considered a severe impairment. *Id*. (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)).

An ALJ is required to consider the limiting effects of obesity on exertional, postural and social functions when assessing plaintiff's RFC. *Wolfe v. Barnhart*, No. 05-1028-JTM, 2006 WL 40591000, at *5 (D. Kan. Apr. 28, 2006) (citing SSR 02-01p). When assessing plaintiff's RFC, the ALJ should consider how obesity may cause limitations of various functions, including exertional, postural, and social functions. *Id*. Therefore, the ALJ should assess the effect obesity has on plaintiff's "ability to perform routine movement and necessary physical activity within the work environment." *Id*.

Here, when the ALJ assessed plaintiff's RFC, he noted the following regarding plaintiff's obesity:

> An individual may have limitations in any of the exertional functions, postural functions, in her ability to manipulate objects, or to tolerate extreme heat, humidity, or hazards because of obesity. The combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. The effects of the [plaintiff's] obesity have been considered when determining a residual functional capacity for the [plaintiff].
> . . .
>
> I find the [plaintiff's] allegations not to be consistent with or supported by the record as a whole. As noted above, the [plaintiff] is morbidly obese and there is no question

> her weight causes some limitation.
>
> . . .
>
> While the [plaintiff] has been diagnosed with moderate obstructive sleep apnea, there is little to support extreme fatigue as a result (Exhibit B8F). A review of the [plaintiff's] treatment records reveals little in the way of complaints of fatigue or difficulty remaining awake. Finally, despite being told by her medical providers that the only way she was going to improve her situation was to lose weight, the [plaintiff] has in fact continued to gain weight and there is no evidence she has taken affirmative steps to change that.
>
> . . .
>
> After a thorough review of the evidence of record including the [plaintiff's] allegations and testimony, forms completed at the request of Social Security, the objective medical findings, medical opinions, treatment notes and other relevant evidence. I find the [plaintiff] capable of performing work consistent with the residual functional capacity established in this decision.

(R. at 15–17) (citations and quotation marks omitted).

After a thorough review of the record, the court finds that the ALJ determined plaintiff's RFC properly pursuant to SSR 96-8p. When he formed his RFC assessment, the ALJ reviewed plaintiff's symptoms with evidence in the record as it pertained to each severe impairment. (R. at 15–16.) He considered the medical opinions of non-treating but examining sources, in addition to non-examining expert and non-medical sources, giving weight to each opinion. (R. at 16.) The ALJ also considered plaintiff's husband's opinion, and resolved ambiguities when he determined plaintiff's credibility regarding the limiting effects of plaintiff's impairments and how they differed from her subjective complaints. After considering the evidence in the record, he determined that plaintiff's severe impairments do not cause the degree of limitation as alleged by plaintiff, and that she could perform sedentary work. The ALJ did not base his nondisability finding on plaintiff's unwillingness to lose weight. Substantial evidence in the record supports the ALJ's RFC assessment and the court finds no error here.

2. <u>Error in Failing to Properly Support RFC Finding When Reviewing the Medical Opinions</u>

Plaintiff argues that the ALJ improperly relied on the opinion of a medical source, Dr. Edward Prostic, to support his decision. She contends that Dr. Prostic incorrectly determined plaintiff's ability to perform sedentary exertional work. She claims that Dr. Prostic first examined plaintiff's work injury for a workman's compensation claim, which has no bearing on Social Security disability claims. She also contends that Dr. Prostic did not consider any of the severe impairments determined by the ALJ when forming his opinion, nor did he make an obesity diagnosis. Finally, plaintiff argues that Dr. Prostic used a definition of sedentary that did not conform to the regulatory definition. Specifically, sedentary, as defined under the regulations, is the ability for a person to walk or stand for two hours per day. (Doc. 15 at 8 (citing 20 C.F.R. § 404.1567(a); SSR 83-10, pg. 5).) If the ALJ improperly relied on Dr. Prostic's opinion, with an incorrect definition of sedentary, then the ALJ's RFC assessment that plaintiff could perform sedentary work was improper.

Rather, plaintiff believes that the ALJ should have relied on the opinion of Dr. Sitaraman Subramanian, defendant's examining physician, instead of rejecting it. Plaintiff believes the ALJ improperly found Dr. Subramanian's opinion to be conclusory, arguing that it is no more conclusory than Dr. Prostic's opinion. Plaintiff argues that the ALJ's improper reliance on Dr. Prostic's opinion—that plaintiff could perform sedentary work without diagnosing obesity—is not supported by the record. According to plaintiff, the ALJ should have relied on Dr. Subramanian's opinion, which included a diagnosis of obesity and was supported by evidence in the record.

Prior to step four of the evaluation process, the ALJ must determine plaintiff's RFC, which is

-8-

used to "determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(a). Pursuant to 20 C.F.R. § 404.1545(e), the ALJ is required to consider all medically determinable impairments, whether severe or non-severe, when making an RFC assessment, and to "consider a claimant's abilities to meet the demands of work despite his impairment(s)." *Luzier v. Astrue*, No. 10-1186-JWL, 2011 WL 2470243, at *4 (D. Kan. June 20, 2011) (citing 20 C.F.R. § 404.1545). Not doing so can be considered reversible error. *Dainty v. Astrue*, No. 10-1245-SAC, 2011 WL 4072548, at *3 (D. Kan. Sept. 13, 2011). The ALJ is to consider physical abilities such as "sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions, and responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments." *Henderson-Harrison v. Astrue*, No. 10-1218-JWL, 2011 WL 146485, at *4 (D. Kan. Apr. 18, 2011) (citing 20 C.F.R. §§ 404.1545(b, c, d), 404.1521). Pursuant to SSR 96-8p, when completing the RFC assessment, the ALJ must cite to medical and nonmedical evidence, discuss plaintiff's credibility regarding symptoms, resolve ambiguities between the evidence and plaintiff's claims of pain, and discuss medical source opinions from treating or agency physicians and the weight given to each source. *Luzier*, 2011 WL 2470243, at *4.

In considering all of the medical source opinions, the ALJ should afford more weight to nontreating source opinions than opinions by nonexamining sources who have simply reviewed the record and issued an opinion on the record alone. *Degand*, 2011 WL 5837235, at *3 (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004); *Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987) (additional citations omitted)). And, evaluation forms without support from

objective testing, "written reports," or "persuasive testimony" cannot be considered substantial evidence. *Id*. Nonetheless, the findings of a nontreating physician can be suspect and unreliable. *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987).

Here, plaintiff's medical history is not long. There does not appear to be a treating physician who has a lengthy history of treating plaintiff for her impairments. However, the ALJ considered the non-treating opinion of Dr. Protic to be supported by the record and given substantial weight, (R. at 16.), while he considered Dr. Subramanian's opinion to be conclusory and not supported by evidence, *(id*.). Both opinions are from non-treating sources. The ALJ reviewed each opinion and determined whether it was supported by the record. Ultimately, he determined that Dr. Protic's opinion was better supported by the objective evidence in the record, regardless of whether Dr. Protic stated plaintiff was capable of performing sedentary work. The ALJ committed no error here in evaluating the non-treating source opinions. And, as the court stated above, the ALJ properly determined plaintiff's RFC. The ALJ committed no error in his determination that plaintiff can perform sedentary work, and therefore is ultimately not disabled. The court affirms the ALJ's decision.

**IV.     Conclusion**

Based on a thorough review of the record and the ALJ's decision, the court affirms the Commissioner's decision that plaintiff is not nor was disabled as of the alleged disability date of November 13, 2008.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is affirmed. Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 5th day of September, 2012 at Kansas City, Kansas.

                                              s/ Carlos Murguia

                                            **CARLOS MURGUIA**
                                            **United States District Judge**